PAUL O. PARADIS
4422 N. 75th Street, Apt. 4005
Scottsdale, AZ 85251
Telephone: 201.206.9092

*Pro Se* Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL O. PARADIS,<br><br>    Plaintiff,<br><br>    v.<br><br>ELLEN PANSKY, PANSKY MARKLE ATTORNEYS AT LAW MARIBETH ANNAGUEY, ERIC M. GEORGE, BROWNE GEORGE ROSS LLP and DEFENDANTS DOES 1 - 100,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**1. INVASION OF PRIVACY BY FALSE LIGHT**<br><br>**2.   DEFAMATION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Paul O. Paradis ("Plaintiff" or "Paradis"), by his undersigned counsel, alleges the following upon personal knowledge as to his own acts and upon information and belief based on the investigation conducted by counsel as to all other matters.

## NATURE OF THE ACTION

1.    This is an action brought by Plaintiff against Defendants to recover damages incurred by Plaintiff as a result of Defendants highly defamatory and malicious conduct and for invasion of privacy by false light as a result of Defendants having intentionally, and with malice, painted Plaintiff in a highly false light, thereby damaging Plaintiff's reputation, as well as causing Plaintiff to incur monetary and non-monetary damages, as detailed herein.

## THE PARTIES

2.    Plaintiff Paul O. Paradis is a citizen and resident of the State of Arizona.  Plaintiff was damaged in excess of five million dollars ($5 million) as a result of the wrongful conduct engaged in by Defendants as detailed herein.

3.    Defendant Ellen Pansky ("Pansky") is a citizen and resident of the State of California.  Defendant Pansky committed the wrongful acts complained of herein and/or engaged in purposeful economic activity within the County of Los Angeles, State of California at all times relevant hereto.

4.    Defendant law firm Pansky Markle Attorneys at Law ("Pansky Markle") is a citizen and resident of the State of California.  Defendant Pansky Markle committed the wrongful acts complained of herein and/or engaged in purposeful economic activity within the County of Los Angeles, State of California at all times relevant hereto.

5.    Defendant Maribeth Annaguey ("Annaguey") is a citizen and resident of the State of California.  Defendant Annaguey committed the wrongful acts

1 complained of herein and/or engaged in purposeful economic activity within the
2 County of Los Angeles, State of California at all times relevant hereto.

3      6.    Defendant Eric M. George ("George") is a citizen and resident of the
4 State of California.  Defendant George committed the wrongful acts complained of
5 herein and/or engaged in purposeful economic activity within the County of Los
6 Angeles, State of California at all times relevant hereto.

7      7.    Defendant law firm Browne George Ross, LLP ("Browne George") is a
8 citizen and resident of the State of California. Defendant Browne George committed
9 the wrongful acts complained of herein and/or engaged in purposeful economic
10 activity within the County of Los Angeles, State of California at all times relevant
11 hereto.

12      8.    Plaintiff is informed and believes and thereupon alleges that Defendants
13 DOES 1 – 100, inclusive, and each of them, at all times relevant hereto, were public,
14 business and/or other persons or entities whose form is unknown committing torts in
15 and/or engaged in purposeful economic activity within the County of Los Angeles,
16 State of California.

17      9.    The true names and capacities of Defendants DOES 1 – 100, and each
18 of them, whether individual, corporate, associate or otherwise, are unknown to
19 Plaintiff at this time.  Therefore, Plaintiff sues said Defendants by fictitious names.
20 Plaintiff will file DOE amendments, and/or seek leave of the Court to amend his
21 complaint to assert the true names and capacities of these Defendants when they
22 have been ascertained.  Plaintiff is informed and believes, and upon such
23 information and belief alleges, that each Defendant herein designated as a DOE was
24 and is, in some manner, negligently, wrongfully, or otherwise, responsible and liable
25 to Plaintiff for the injuries and damages hereinafter alleged, and that Plaintiff's
26 damages as herein alleged were proximately caused by their conduct.

27      10.   Plaintiff is further informed and believes that, at all times relevant
28 hereto, Defendants, and each of them, acted in concert and in furtherance of the

COMPLAINT

1    interests of each other.  The conduct of each Defendant combined and cooperated
2    with the conduct of each of the remaining Defendants so as to cause the herein
3    described incidents and the resulting injuries and damages to Plaintiff.

4

5                        **JURISDICTION and VENUE**

6        11.    This Court has original jurisdiction over Plaintiff's claims based on the
7    parties' diversity of citizenship and because the amount in controversy exceeds
8    $75,000.00 pursuant to 28 U.S.C. § 1332.

9        12.    Venue is appropriate in this judicial district pursuant to 28 U.S.C. §
10   1391 and this Court has personal jurisdiction over defendants and each of them, by
11   reason of the fact that, among other things, many of the acts and failures to act
12   complained of herein giving rise to this action occurred in the State of California
13   within the County of Los Angeles.

14

15                      **SUBSTANTIVE ALLEGATIONS**
16   **Background of the**
     *PwC* **Action and** *Jones* **Class Action**
17
         13.    In 2010, PricewaterhouseCoopers, LLP ("PwC") was retained by the
18
     City of Los Angeles (the "City") to develop and implement a new customer care and
19
     billing system ("CC&B System") for the Los Angeles Department of Water and
20
     Power ("LADWP"), which is the largest municipal utility in the United States.
21
         14.    As widely publicly reported, PwC's implementation of the CC&B
22
     System for the LADWP was disastrous, however, and resulted in an overwhelming
23
     number of delayed, inconsistent and inaccurate bills.
24
         15.    On March 6, 2015, the City, by and through the LADWP, filed a
25
     lawsuit against PwC, asserting breach of contract and fraudulent inducement claims.
26
     This action was captioned, *City of Los Angeles v. PricewaterhouseCoopers, LLP*,
27
     BC574690 and ultimately assigned to Judge Elihu Berle of the Los Angeles County
28
     Superior Court (hereinafter the "*PwC* Action").

                                      3                          COMPLAINT

16.    The City retained attorneys Paul Kiesel ("Kiesel") and Paul Paradis ("Paradis") as "Special Counsel" to prosecute the *PwC* Action on behalf of the City. (For purposes of this Complaint, unless otherwise specified herein, as used herein, "Special Counsel" refers only to Paradis, not Kiesel).

17.    The City's operative Third Amended Complaint ("TAC") in the *PwC* Action alleged, *inter alia*, that PwC had made material misrepresentations and omitted to disclose material information to fraudulently induce the LADWP to award the $60+ million contract to implement the CC&B System for the LADWP. Among other things, the TAC alleged that PwC had: (i) provided the LADWP with fraudulent references during the bidding process; (ii) falsely claimed PwC satisfied the project's mandatory requirements; and (iii) falsely represented that PwC personnel possessed the knowledge and skills required to properly implement the CC&B System at the LADWP.  The TAC also alleged that PwC had violated both Georgia and California law by impersonating a Georgia state government official during a reference check phone call with the LADWP in order to provide the LADWP with a wholly fictitious reference.

18.    On April 1, 2015, the City of Los Angeles was sued by LADWP customer and ratepayer Antwon Jones ("Jones") in an action entitled *Jones v. City of Los Angeles*, BC577267, (hereinafter, the "*Jones* Class Action").  Jones alleged that he and thousands of other LADWP customers had been overcharged for electric and water utility services provided by the City of Los Angeles because the bills generated by the improperly implemented CC&B System were charging LADWP customers for more electricity and water than they had actually consumed.

19.    In August 2015, the City announced that it had entered into a class action settlement of the claims asserted in the *Jones* Class Action pursuant to which the City would, *inter alia*, refund all amounts owed to customers as a result of billing overcharges and remediate the billing system.

4                                                     COMPLAINT

20.     The *PwC* Action, however was on a very different – and highly contentious litigation track.  In the three years that followed the March 2015 filing of the *PwC* Action, the City and PwC were engaged in a very acrimonious litigation following Special Counsels' repeated discoveries of highly damaging evidence against PwC.

21.     From 2013 through August 31, 2020, attorney James P. Clark ("Clark") was employed as the Los Angeles Chief Assistant City Attorney.  During the entirety of Clark's tenure as Chief Assistant City Attorney, Clark reported directly to Los Angeles City Attorney Mike Feuer and described himself as "No. 2" in the Office of the Los Angeles City Attorney.  Clark resigned from this position suddenly and without any explanation or public announcement by Feuer or the City Attorney's Office effective August 31, 2020.

22.     Prior to working as the Los Angeles Chief Assistant City Attorney under Feuer, Clark was a Partner and thirty-six year veteran of the litigation department at the law firm of Gibson, Dunn & Crutcher, LLP ("Gibson Dunn").  During Clark's tenure as the Los Angeles Chief Assistant City Attorney, in addition to receiving his salary from the City of Los Angeles, Clark also regularly received retirement pension benefit payments from Gibson Dunn and therefore had a continuing financial interest in Gibson Dunn at all times relevant hereto.

23.     The *PwC* Action was entirely conceived of and instigated by Clark in December 2014.  At the time Clark conceived of the filing of the *PwC* Action in December of 2014 and instigated its filing in March 2015, Clark was a retired Partner of Gibson Dunn and was receiving regular retirement pension benefit payments from Gibson Dunn -- and PwC had been an ongoing client of the Gibson Dunn firm since at least as early as 2006.  The fact that Clark conceived of and instigated the filing of the *PwC* Action by the City against PwC (who was then a current client of Gibson Dunn) while Clark was simultaneously receiving ongoing retirement pension benefit payments from Gibson Dunn was known to Los Angeles

COMPLAINT

1  City Attorney Mike Feuer in December 2014, but the existence of this conflict of

2  interest has never been disclosed to the Los Angeles Ethics Commission, any Court,

3  PwC, LADWP ratepayers or PwC.

4       24.    Gibson Dunn is also the law firm that, at all times relevant hereto,

5  represented PwC as defense counsel in the *PwC* Action filed against PwC by the

6  City and the very same law firm that simultaneously employed former United States

7  Congressman Mel Levine, who, at all times relevant hereto, also served as the

8  President of the LADWP Board of Commissioners.

9

10 **After Losing Summary Judgment,**
   **PwC Levels False Allegations**
11 **Against The City and Special Counsel**
   **And Seeks Discovery of Matters**
12 **Relating to the *Jones* Class Action**

13

14      25.    In March 2018, PwC sought summary dismissal of the City's claims

15 and moved for summary judgment in the *PwC* Action, which the City opposed.

16      26.    On October 15, 2018, Judge Elihu Berle of the Los Angeles County

17 Superior Court denied PwC's Motion for Summary Judgment and ordered that the

18 City's claims against PwC for the botched implementation of the CC&B System

19 proceed to trial.

20      27.    Having failed to defeat the City's fraudulent inducement through

21 summary judgment, PwC and its counsel, Gibson Dunn, embarked on a strategy

22 designed to focus on its adversary's counsel's actions, rather than on its client's. In

23 connection with this strategy, PwC asserted allegations against Special Counsel in

24 the *PwC* Action that were not true.

25      28.    PwC and Gibson Dunn alleged that Special Counsel had colluded with

26 Class Counsel in the *Jones* Class Action to artificially inflate the cost of the

27 settlement in the *Jones* Class Action, so that the City could later recoup these

28 artificially inflated costs from PwC as damages in the *PwC* Action.

        29.    These allegations were – and remain – false.

                                    6                          COMPLAINT

30.     Remarkably, however, rather than rejecting these allegations out of hand, Judge Berle allowed PwC and its attorneys to conduct discovery of an unprecedented breadth and scope into a wide variety of irrelevant matters including the production of documents, emails and the deposition of then Los Angeles Chief Assistant City Attorney Clark.

**Special Counsel Uncovers That Chief Deputy City Attorney Clark Intentionally Provided Gibson Dunn With The City's Privileged and Highly Confidential Mediation and Settlement Strategies In the _Jones_ Class Action For Use In the _PwC_ Action**

31.     In December 2018, while working to gather the materials that Judge Berle had ordered then Los Angles Chief Deputy City Attorney Clark to produce to PwC, Special Counsel made the absolutely stunning discovery that Clark had intentionally funneled the City of Los Angeles' highly confidential attorney-client privileged communications and attorney work product that Clark had authored, sent or received concerning the _Jones_ Class Action directly to Gibson Dunn -- in real time -- since at least January 2015.

32.     Remarkably, the emails and documents relating to the _Jones_ Class Action that Clark had routinely provided to Gibson Dunn contained the City's most highly privileged mediation and settlement strategies in the _Jones_ Class Action.

**Legal Ethicist Ellen Pansky and Attorneys Maribeth Annaguey and Eric George Pursue A Scheme To Discredit and Defame Special Counsel By Portraying Paradis and Kiesel In A False Light As "Rogue Actors"**

33.     On or about March 6, 2019, both Paradis and Kiesel withdrew as Special Counsel in the PwC Action. Defendants Maribeth Annaguey and Eric George (both employed by Defendant law firm Browne George, LLP) were hired by the City to replace Special Counsel as counsel to the City in the _PwC_ Action.

34.     Following the withdrawal of both Special Counsel in the *PwC* Action and the retention of Defendants Annaguey and George, Gibson Dunn actually ramped up its attacks on the City in the PwC Action and, in particular, on the City Attorney's Office.

35.     In response to Gibson Dunn's attacks, the City directed Defendant Browne George LLP to retain the services of attorney and legal ethicist Ellen Pansky and her firm, Pansky Markle, to purportedly "analyze, evaluate and opine regarding the conduct of all of the attorneys acting under the auspices of the Los Angeles City Attorney's office, in connection with related class action proceedings filed against the City of the (sic) Los Angeles ("COLA") and its Department of Water and Power . . . primarily the case entitled *Antwon Jones v. City of Los Angeles* . . . including the settlement of the *Jones* class action."

36.     On learning that Pansky had been hired by the City to conduct a purported investigation of all of the attorneys involved in the Jones Class Action, including Clark, Paradis instructed his counsel to speak with Pansky, George and Annaguey to inform all three of them of the wrongdoing in which Clark had been engaged.

37.     Acting at Paradis' direction, on March 12, 2019, Paradis' counsel spoke with Pansky at length telephonically and provided Pansky with a number of emails and documents that clearly demonstrate that Kiesel and Paradis were not "rogue actors" and the acts undertaken by Kiesel and Paradis on behalf of the City in connection with both the *Jones* Class Action and the *PwC* Action were undertaken at the direction of, and with the knowledge and consent of the City, and that both Mel Levine and Clark, the mastermind behind the *PwC* Action, suffered from inherent conflicts due to their ongoing financial interests in Gibson Dunn.  These emails and documents also make clear that Gibson Dunn's false accusations and fictitious narrative was, and remains, completely false.

COMPLAINT

38.     On March 14, 2019, Paradis' counsel spoke at length telephonically with George and Annaguey and also provided both of them with a number of emails and documents that clearly demonstrate that Kiesel and Paradis were not "rogue actors" and the acts undertaken by Kiesel and Paradis on behalf of the City in connection with both the *Jones* Class Action and the *PwC* Action were undertaken at the direction of, and with the knowledge and consent of the City, and that both Mel Levine and Clark, the mastermind behind the *PwC* Action, suffered from inherent conflicts due to their ongoing financial interests in Gibson Dunn.  These emails and documents also make clear that Gibson Dunn's false accusations and fictitious narrative was, and remains, completely false.

**Defendants Knowingly, and With Malice, Fail to Investigate The Facts Provided By Paradis In Order to Paint Paradis In A Highly Detrimental False Light**

39.     Despite Paradis' counsel having provided Pansky with a plethora of factual evidence demonstrating the falsity of the "rogue actor" claims being leveled against Kiesel and Paradis, Pansky knowingly and intentionally turned a blind eye and failed to investigate the well-documented factual evidence provided by Paradis' counsel.

40.     Despite Paradis' counsel having provided Annaguey with a plethora of factual evidence demonstrating the falsity of the "rogue actor" claims being leveled against Kiesel and Paradis, Annaguey knowingly and intentionally turned a blind eye and failed to investigate the well-documented factual evidence provided by Paradis' counsel.

41.     Despite Paradis' counsel having provided George with a plethora of factual evidence demonstrating the falsity of the "rogue actor" claims being leveled against Kiesel and Paradis, George knowingly and intentionally turned a blind eye and failed to investigate the well-documented factual evidence provided by Paradis' counsel.

42.    By intentionally failing to investigate and willfully turning a blind eye to evidence provided by Paradis' counsel which clearly demonstrated that Paradis was not a "rogue actor" and that both Mel Levine and Clark, the mastermind behind the PwC Action, suffered from inherent conflicts due to their ongoing financial interests in Gibson Dunn, Defendants intentionally and maliciously engaged in a scheme to knowingly and deliberately paint Paradis in a highly detrimental false light.

43.    In furtherance of this scheme, Defendants Annaguey, George and Browne George, LLP directed Pansky and Pansky Markel to draft the Pansky Report, which painted Plaintiff in a false light as a "rogue" actor, who colluded with Class Counsel in the *Jones* Action and suffered from irreconcilable conflicts.

44.    Additionally, in furtherance of this scheme, Defendants Pansky and Pansky Markel drafted the Pansky Report, which painted Plaintiff in a false light as a "rogue" actor, who colluded with Class Counsel in the *Jones* Action and suffered from irreconcilable conflicts.

45.    The Pansky Report was published October 23, 2019.

**Pansky Intentionally Drafted the**
***Pansky Report*, Which Contains Materially**
**False and Highly Defamatory Statements About Paradis**

46.    At the time that the Pansky Report was published, Defendants had actual knowledge that the Pansky Report contained materially false and highly defamatory statements about Paradis, including the following false and defamatory statements:

a.    By concurrently providing legal representation to Jones and the City without the informed written consent of either Jones or the City, Paradis violated his ethical and fiduciary duties under CRPC3-3102 both Jones and the City;

b.    By secretly drafting or participating in the drafting of the *Jones v. the City*

10                                                COMPLAINT

complaint and failing to reveal his actions to, and/or failing to obtain informed formal consent from the City, while serving as special counsel for the City, Paradis breached his ethical duties to the City and Jones to refrain from representation of conflicting interests.

c. By repeatedly misrepresenting that once the City declined to consent to Paradis' and Kiesel's joint representation of the City and an individual ratepayer against PWC, and that as soon as Jones made his decision to sue the City, Paradis's representation of Jones ended, knowing that he had continue to provide legal services for Jones' benefit, Paradis violated his duty of candor and his duty to refrain from misleading his client, the court, and opposing counsel.

d. By failing to advise their client, the City, that they were continuing to assist Jones in bringing in action against the City, Paradis violated his duty to the City to communicate significant events affecting the client's matter.

47.     Despite having actual knowledge that these statements, contained in the Pansky Report, concerning Paradis were materially false and misleading, Defendants knowingly and intentionally published the Pansky Report and thereby defamed Paradis and portrayed Paradis in a highly detrimental false light.

**Plaintiff Was Damaged As A
Result of Defendants' Misconduct**

48.     As a result of the highly detrimental false light campaign in which Defendants were active participants, and as a result of the publication of the malicious and highly defamatory statements contained in the Pansky Report, Paradis' reputation as an attorney, contractor, manager and employee has been completely destroyed.

49.     Based on the false statements contained in the Pansky Report, numerous false news stories, articles and television news stories have been published falsely attacking Paradis and painting him in the very false light character conceived

1  of and furthered by Defendants as a result of the wrongful scheme described herein.

2      50.   Furthermore, Paradis has been wrongfully sued as a result of

3  Defendants' false light scheme and as a result of Defendants Pansky, Annaguey and

4  George publishing the highly defamatory statements about Paradis that are contained

5  in the Pansky Report.

6      51.   Paradis has lost business, repeatedly been refused employment and has

7  been forced to file bankruptcy as a result of Defendants' malicious false light

8  scheme and as a result of Defendants Pansky, Annaguey and George having

9  published the materially false and highly defamatory statements contained in the

10  Pansky Report.

11      52.   Accordingly, Defendants' illegal acts have caused Paradis to suffer

12  monetary damages in excess of five million dollars ($5 million).

13

14  ## COUNT I

15  **(For Violation of Invasion of Privacy By False Light – Actual Malice Against**

16  **Defendants Pansky, Pansky Markel, Annaguey, George**
**And Browne George, LLP)**

17

18      53.   Plaintiff Paradis incorporates and re-alleges all of the foregoing

19  paragraphs as if fully set forth herein.

20      54.   As explained here, Defendants engaged in a scheme, the purpose of

21  which was to paint Plaintiff in a false light as a "rogue" actor, who colluded with

22  Class Counsel in the *Jones* Action and who suffered from irreconcilable conflicts.

23      55.   In all actuality, however, the acts undertaken by Paradis on behalf of the

24  City in connection with both the Jones Class Action and the *PwC* Action were

25  undertaken at the direction of, and with the knowledge and consent of the City.

26  Additionally, both Mel Levine and Clark, the creator of the PwC Action, suffered

27  from inherent conflicts of their own, due to their financial interests in Gibson Dunn.

28

           COMPLAINT

56.     Paradis provided Defendants with evidence demonstrating the existence of the foregoing facts.  Information provided to Defendants by Paradis also made clear that Gibson Dunn's false accusations and fictitious narrative was, and remains, completely false.

57.     Despite having been provided this evidence by Plaintiff, Defendants all turned a willful blind eye, deliberately ignoring this evidence in furtherance of a scheme to paint Plaintiff in a false light as a "rogue" actor, who colluded with Class Counsel in the *Jones* Action and who suffered from irreconcilable conflicts.

58.     In furtherance of this scheme, Defendants Annaguey, George and Browne George, LLP directed Pansky and Pansky Markel to draft the Pansky Report, which painted Plaintiff in a false light as a "rogue" actor, who colluded with Class Counsel in the *Jones* Action and who suffered from irreconcilable conflicts.

59.     Additionally, in furtherance of this scheme, Defendants Pansky and Pansky Markel drafted the Pansky Report, which painted Plaintiff in a false light as a "rogue" actor, who colluded with Class Counsel in the *Jones* Action and who suffered from irreconcilable conflicts.

60.     The Pansky Report was published on October 23, 2019.

61.     The Pansky Report contained numerous falsehoods concerning Paradis, including the fact that Paradis operated as a "rogue" actor, who colluded with Class Counsel in the *Jones* Action

62.     and who suffered from irreconcilable conflicts.

63.     The foregoing falsehoods were offensive to a reasonable person.

64.     By deliberately ignoring Paradis and the evidence that he provided, which demonstrated the utter falsity of Defendants' false characterization of Paradis, Defendants acted with actual malice.

65.     As a result of Defendants' actions, Plaintiff has suffered lost wages, earning capacity, pain and suffering, emotional distress, and other monetary and non-monetary damages.

1      66.    Defendants' actions were a substantial factor in causing Plaintiff to

2 suffer the foregoing damages.

## COUNT II

### (For Violation of Invasion of Privacy By False Light - Negligence Against Defendants Pansky, Pansky Markel, Annaguey, George And Browne George, LLP)

67.    Plaintiff Paradis incorporates and re-alleges all of the foregoing paragraphs as if fully set forth herein.

68.    As explained here, Defendants engaged in a scheme, the purpose of which was to paint Plaintiff in a false light as a "rogue" actor, who colluded with Class Counsel in the *Jones* Action and who suffered from irreconcilable conflicts.

69.    In all actuality, however, the acts undertaken by Paradis on behalf of the City in connection with both the Jones Class Action and the *PwC* Action were undertaken at the direction of, and with the knowledge and consent of the City. Additionally, both Mel Levine and Clark, the creator of the PwC Action, suffered from inherent conflicts of their own, due to their financial interests in Gibson Dunn.

70.    Paradis provided Defendants with evidence demonstrating the existence of the foregoing facts. Information provided to Defendants by Paradis also made clear that Gibson Dunn's false accusations and fictitious narrative was, and remains, completely false.

71.    Despite having been provided this evidence by Plaintiff, Defendants all turned a willful blind eye, deliberately ignoring this evidence in furtherance of a scheme to paint Plaintiff in a false light as a "rogue" actor, who colluded with Class Counsel in the *Jones* Action and who suffered from irreconcilable conflicts.

72.    In furtherance of this scheme, Defendants Annaguey, George and Browne George, LLP directed Pansky and Pansky Markel to draft the Pansky Report, which painted Plaintiff in a false light as a "rogue" actor, who colluded with

14

COMPLAINT

1 │ Class Counsel in the *Jones* Action and who suffered from irreconcilable conflicts.

2 │     73.    Additionally, in furtherance of this scheme, Defendants Pansky and
3 │ Pansky Markel drafted the Pansky Report, which painted Plaintiff in a false light as a
4 │ "rogue" actor, who colluded with Class Counsel in the *Jones* Action and who
5 │ suffered from irreconcilable conflicts.

6 │     74.    The Pansky Report was published on October 23, 2019.

7 │     75.    The Pansky Report contained numerous falsehoods concerning Paradis,
8 │ including the fact that Paradis operated as a "rogue" actor, who colluded with Class
9 │ Counsel in the *Jones* Action and who suffered from irreconcilable conflicts.

10 │     76.    The foregoing falsehoods were offensive to a reasonable person.

11 │     77.    By deliberately ignoring Paradis and the evidence that he provided,
12 │ which demonstrated the utter falsity of Defendants' false characterization of Paradis,
13 │ Defendants acted negligently.

14 │     78.    As a result of Defendants' actions, Plaintiff has suffered lost wages,
15 │ earning capacity, pain and suffering, emotional distress, and other monetary and
16 │ non-monetary damages.

17 │     79.    Defendants' actions were a substantial factor in causing Plaintiff to
18 │ suffer the foregoing damages.

19 │
20 │ **COUNT III**

21 │ **(For Violation of Invasion of Privacy By False Light**
22 │ **Against Defendants DOES 1 - 100)**

23 │
24 │     80.    Plaintiff Paradis incorporates and re-alleges all of the foregoing
25 │ paragraphs as if fully set forth herein.

26 │     81.    Defendants DOES 1 – 100 engaged in a scheme, the purpose of which
27 │ was to paint Plaintiff in a false light as a "rogue" actor, who colluded with Class
28 │ Counsel in the *Jones* Action and who suffered from irreconcilable conflicts.

        COMPLAINT

82.    In all actuality, however, the acts undertaken by Paradis on behalf of the City in connection with both the Jones Class Action and the *PwC* Action were undertaken at the direction of, and with the knowledge and consent of the City. Additionally, both Mel Levine and Clark, the creator of the PwC Action, suffered from inherent conflicts of their own, due to their financial interests in Gibson Dunn

83.    Paradis provided Defendants DOES 1–100 with evidence demonstrating the existence of the foregoing facts.   Information provided to Defendants DOES 1-100 by Paradis also made clear that Gibson Dunn's false accusations and fictitious narrative was, and remains, completely false.

84.    Despite having been provided this evidence by Plaintiff, Defendants DOES 1–100 turned a willful blind eye, deliberately ignoring this evidence in furtherance of a scheme to paint Plaintiff in a false light in the Pansky Report as a "rogue" actor, who colluded with Class Counsel in the *Jones* Action and who suffered from irreconcilable conflicts.

85.    The Pansky Report was published on October 23, 2019.

86.    The Pansky Report contained numerous falsehoods concerning Paradis, including the fact that Paradis operated as a "rogue" actor, who colluded with Class Counsel in the *Jones* Action and who suffered from irreconcilable conflicts.

87.    The foregoing falsehoods were offensive to a reasonable person.

88.    By deliberately ignoring Paradis and the evidence that he provided, which demonstrated the utter falsity of Defendant DOES 1–100s' false characterization of Paradis, Defendants DOES 1–100 acted negligently and/or with actual malice.

89.    As a result of Defendant DOES 1–100s' actions, Plaintiff has suffered lost wages, earning capacity, pain and suffering, emotional distress, and other monetary and non-monetary damages.

90.    Defendant DOES 1–100s' actions were a substantial factor in causing Plaintiff to suffer the foregoing damages.

COMPLAINT

# COUNT IV

### (For Defamation – Actual Malice Against Defendants Pansky and Pansky Markel – For General Damages)

91.    Plaintiff Paradis incorporates and re-alleges all of the foregoing paragraphs as if fully set forth herein.

92.    Defendants Pansky and Pansky Markel drafted the Pansky Report, which was published on October 23, 2019.

93.    As detailed herein, the Pansky Report is false and contains numerous non-privileged, defamatory *per se* statements including the following statements:

a. By concurrently providing legal representation to Jones and the City without the informed written consent of either Jones or the City, Paradis violated his ethical and fiduciary duties under CRPC3-3102 both Jones and the City;

b. By secretly drafting or participating in the drafting of the *Jones v. the City* complaint and failing to reveal his actions to, and/or failing to obtain informed formal consent from the City, while serving as special counsel for the City, Paradis breached his ethical duties to the City and Jones to refrain from representation of conflicting interests;

c. By repeatedly misrepresenting that once the City declined to consent to Paradis' and Kiesel's joint representation of the City and an individual ratepayer against PWC, and that as soon as Jones made his decision to sue the City, Paradis's representation of Jones ended, knowing that he had continue to provide legal services for Jones' benefit, Paradis violated his duty of candor and his duty to refrain from misleading his client, the court, and opposing counsel; and

d. By failing to advise the City that he was continuing to assist Jones in bringing an action against the City, Paradis violated his duty to the City to communicate significant events affecting the client's matter.

COMPLAINT

94.     In light of the fact that Defendants Pansky and Pansky Markel had direct knowledge that each of the foregoing statements was false, Defendants Pansky and Pansky Markel acted with actual malice in making these defamatory *per se* statements.

95.     As a result of the defamatory statements made by Defendants Pansky and Pansky Markle, Plaintiff has sustained, and is, therefore, entitled to general damages.

## COUNT V

**(For Defamation – Negligence Against Defendants Pansky and Pansky Markel – For General Damages)**

96.     Plaintiff Paradis incorporates and re-alleges all of the foregoing paragraphs as if fully set forth herein.

97.     Defendants Pansky and Pansky Markel drafted the Pansky Report, which was published on October 23, 2019.

98.     As detailed herein, the Pansky Report is false and contains numerous non-privileged, defamatory *per se* statements including the following statements:

a. By concurrently providing legal representation to Jones and the City without the informed written consent of either Jones or the City, Paradis violated his ethical and fiduciary duties under CRPC3-3102 both Jones and the City;

b. By secretly drafting or participating in the drafting of the *Jones v. the City* complaint and failing to reveal his actions to, and/or failing to obtain informed formal consent from the City, while serving as special counsel for the City, Paradis breached his ethical duties to the City and Jones to refrain from representation of conflicting interests;

c. By repeatedly misrepresenting that once the City declined to consent to Paradis' and Kiesel's joint representation of the City and an individual ratepayer against PWC, and that as soon as Jones made his decision to sue

18                                                          COMPLAINT

the City, Paradis's representation of Jones ended, knowing that he had continue to provide legal services for Jones' benefit, Paradis violated his duty of candor and his duty to refrain from misleading his client, the court, and opposing counsel; and

d. By failing to advise the City that he was continuing to assist Jones in bringing an action against the City, Paradis violated his duty to the City to communicate significant events affecting the client's matter.

99.   In light of the fact that Defendants Pansky and Pansky Markel had direct knowledge that each of the foregoing statements was false, Defendants Pansky and Pansky Markel acted with negligence in making these defamatory *per se* statements.

100.   As a result of the defamatory statements made by Defendants Pansky and Pansky Markle, Plaintiff has sustained, and is, therefore, entitled to general damages.

## COUNT VI

### (For Defamation – Actual Malice Against Defendants Annaguey, George and Browne George, LLP– For General Damages)

101.   Plaintiff Paradis incorporates and re-alleges all of the foregoing paragraphs as if fully set forth herein.

102.   Defendants Annaguey, George and Browne George, LLP caused Defendants Pansky and Pansky Markel to draft the Pansky Report, which was published on October 23, 2019.

103.   As detailed herein, the Pansky Report is false and contains numerous non-privileged, defamatory *per se* statements including the following statements:

e. By concurrently providing legal representation to Jones and the City without the informed written consent of either Jones or the City, Paradis violated his ethical and fiduciary duties under CRPC3-3102 both Jones and the City;

f. By secretly drafting or participating in the drafting of the *Jones v. the City* complaint and failing to reveal his actions to, and/or failing to obtain informed formal consent from the City, while serving as special counsel for the City, Paradis breached his ethical duties to the City and Jones to refrain from representation of conflicting interests;

g. By repeatedly misrepresenting that once the City declined to consent to Paradis' and Kiesel's joint representation of the City and an individual ratepayer against PWC, and that as soon as Jones made his decision to sue the City, Paradis's representation of Jones ended, knowing that he had continue to provide legal services for Jones' benefit, Paradis violated his duty of candor and his duty to refrain from misleading his client, the court, and opposing counsel; and

h. By failing to advise the City that he was continuing to assist Jones in bringing an action against the City, Paradis violated his duty to the City to communicate significant events affecting the client's matter.

104. In light of the fact that Defendants Annaguey, George and Browne George, LLP had direct knowledge that each of the foregoing statements was false, Defendants Annaguey, George and Browne George, LLP acted with actual malice in causing these defamatory *per se* statements to be made.

105. As a result of the defamatory statements, which Defendants Annaguey, George and Browne George, LLP caused to be made, Plaintiff has sustained, and is, therefore, entitled to general damages.

## **COUNT VII**

**(For Defamation – Negligence Against Defendants Annaguey, George and Browne George, LLP – For General Damages)**

106. Plaintiff Paradis incorporates and re-alleges all of the foregoing paragraphs as if fully set forth herein.

107. Defendants Annaguey, George and Browne George, LLP caused

COMPLAINT

Defendants Pansky and Pansky Markel to draft the Pansky Report, which was published on October 23, 2019.

108.   As detailed herein, the Pansky Report is false and contains numerous non-privileged, defamatory *per se* statements including the following statements:

   a. By concurrently providing legal representation to Jones and the City without the informed written consent of either Jones or the City, Paradis violated his ethical and fiduciary duties under CRPC3-3102 both Jones and the City;

   b. By secretly drafting or participating in the drafting of the *Jones v. the City* complaint and failing to reveal his actions to, and/or failing to obtain informed formal consent from the City, while serving as special counsel for the City, Paradis breached his ethical duties to the City and Jones to refrain from representation of conflicting interests;

   c. By repeatedly misrepresenting that once the City declined to consent to Paradis' and Kiesel's joint representation of the City and an individual ratepayer against PWC, and that as soon as Jones made his decision to sue the City, Paradis's representation of Jones ended, knowing that he had continue to provide legal services for Jones' benefit, Paradis violated his duty of candor and his duty to refrain from misleading his client, the court, and opposing counsel; and

   d. By failing to advise the City that he was continuing to assist Jones in bringing an action against the City, Paradis violated his duty to the City to communicate significant events affecting the client's matter.

109.   In light of the fact that Defendants Annaguey, George and Browne George, LLP had direct knowledge that each of the foregoing statements was false, Defendants Annaguey, George and Browne George, LLP acted with negligence in causing these defamatory per se statements to be made.

COMPLAINT

110.   As a result of the defamatory statements, which Defendants Annaguey, George and Browne George, LLP caused to be made, Plaintiff has sustained, and is, therefore, entitled to general damages.

## COUNT VIII

**(For Defamation – Actual Malice Against Defendants DOES 1-100 – For General Damages)**

111.   Plaintiff Paradis incorporates and re-alleges all of the foregoing paragraphs as if fully set forth herein.

112.   Defendants Pansky and Pansky Markel drafted the Pansky Report, which was published on October 23, 2019.

113.   As detailed herein, the Pansky Report is false and contains numerous non-privileged, defamatory *per se* statements including the following statements:

a. By concurrently providing legal representation to Jones and the City without the informed written consent of either Jones or the City, Paradis violated his ethical and fiduciary duties under CRPC3-3102 both Jones and the City;

b. By secretly drafting or participating in the drafting of the *Jones v. the City* complaint and failing to reveal his actions to, and/or failing to obtain informed formal consent from the City, while serving as special counsel for the City, Paradis breached his ethical duties to the City and Jones to refrain from representation of conflicting interests;

c. By repeatedly misrepresenting that once the City declined to consent to Paradis' and Kiesel's joint representation of the City and an individual ratepayer against PWC, and that as soon as Jones made his decision to sue the City, Paradis's representation of Jones ended, knowing that he had continue to provide legal services for Jones' benefit, Paradis violated his duty of candor and his duty to refrain from misleading his client, the court, and opposing counsel; and

22                                                    COMPLAINT

d. By failing to advise the City that he was continuing to assist Jones in bringing an action against the City, Paradis violated his duty to the City to communicate significant events affecting the client's matter.

114.   In light of the fact that Defendants DOES 1-100 had direct knowledge that each of the foregoing statements was false, Defendants DOES 1-100 acted with actual malice in making these defamatory *per se* statements.

115.   As a result of the defamatory statements made by Defendants DOES 1-100, Plaintiff has sustained, and is, therefore, entitled to general damages.

## COUNT IX

### (For Defamation - Negligence Against Defendants DOES 1 - 100 – For General Damages)

116.   Plaintiff Paradis incorporates and re-alleges all of the foregoing paragraphs as if fully set forth herein.

117.   Defendants Pansky and Pansky Markel drafted the Pansky Report, which was published on October 23, 2019.

118.   As detailed herein, the Pansky Report is false and contains numerous non-privileged, defamatory *per se* statements including the following statements:

a. By concurrently providing legal representation to Jones and the City without the informed written consent of either Jones or the City, Paradis violated his ethical and fiduciary duties under CRPC3-3102 both Jones and the City;

b. By secretly drafting or participating in the drafting of the *Jones v. the City* complaint and failing to reveal his actions to, and/or failing to obtain informed formal consent from the City, while serving as special counsel for the City, Paradis breached his ethical duties to the City and Jones to refrain from representation of conflicting interests;

c. By repeatedly misrepresenting that once the City declined to consent to Paradis' and Kiesel's joint representation of the City and an individual

23                                          COMPLAINT

ratepayer against PWC, and that as soon as Jones made his decision to sue the City, Paradis's representation of Jones ended, knowing that he had continue to provide legal services for Jones' benefit, Paradis violated his duty of candor and his duty to refrain from misleading his client, the court, and opposing counsel; and

d. By failing to advise the City that he was continuing to assist Jones in bringing an action against the City, Paradis violated his duty to the City to communicate significant events affecting the client's matter.

119. In light of the fact that Defendants DOES 1-100 had direct knowledge that each of the foregoing statements was false, Defendants DOES 1-100 acted negligently in making these defamatory per se statements.

120. As a result of the defamatory statements made by Defendants DOES 1-100, Plaintiff has sustained, and is, therefore, entitled to general damages.

## COUNT X

### (For Defamation – Actual Malice Against Defendants Pansky and Pansky Markel – For Special Damages)

121. Plaintiff Paradis incorporates and re-alleges all of the foregoing paragraphs as if fully set forth herein.

122. Defendants Pansky and Pansky Markel drafted the Pansky Report, which was published on October 23, 2019.

123. As detailed herein, the Pansky Report is false and contains numerous non-privileged, defamatory *per se* statements including the following statements:

a. By concurrently providing legal representation to Jones and the City without the informed written consent of either Jones or the City, Paradis violated his ethical and fiduciary duties under CRPC3-3102 both Jones and the City;

b. By secretly drafting or participating in the drafting of the *Jones v. the City* complaint and failing to reveal his actions to, and/or failing to obtain

24                                                    COMPLAINT

informed formal consent from the City, while serving as special counsel for the City, Paradis breached his ethical duties to the City and Jones to refrain from representation of conflicting interests;

c. By repeatedly misrepresenting that once the City declined to consent to Paradis' and Kiesel's joint representation of the City and an individual ratepayer against PWC, and that as soon as Jones made his decision to sue the City, Paradis's representation of Jones ended, knowing that he had continue to provide legal services for Jones' benefit, Paradis violated his duty of candor and his duty to refrain from misleading his client, the court, and opposing counsel; and

d. By failing to advise the City that he was continuing to assist Jones in bringing an action against the City, Paradis violated his duty to the City to communicate significant events affecting the client's matter.

124.   In light of the fact that Defendants Pansky and Pansky Markel had direct knowledge that each of the foregoing statements was false, Defendants Pansky and Pansky Markel acted with actual malice in making these defamatory per se statements.

125.   As a result of the defamatory statements made by Defendants Pansky and Pansky Markle, Plaintiff has sustained, and is, therefore, entitled to special damages.

## COUNT XI

**(For Defamation – Negligence Against Defendants Pansky and Pansky Markel
– For Special Damages)**

126.   Plaintiff Paradis incorporates and re-alleges all of the foregoing paragraphs as if fully set forth herein.

127.   Defendants Pansky and Pansky Markel drafted the Pansky Report, which was published on October 23, 2019.

COMPLAINT

128.   As detailed herein, the Pansky Report is false and contains numerous non-privileged, defamatory *per se* statements including the following statements:

    a. By concurrently providing legal representation to Jones and the City without the informed written consent of either Jones or the City, Paradis violated his ethical and fiduciary duties under CRPC3-3102 both Jones and the City;

    b. By secretly drafting or participating in the drafting of the *Jones v. the City* complaint and failing to reveal his actions to, and/or failing to obtain informed formal consent from the City, while serving as special counsel for the City, Paradis breached his ethical duties to the City and Jones to refrain from representation of conflicting interests;

    c. By repeatedly misrepresenting that once the City declined to consent to Paradis' and Kiesel's joint representation of the City and an individual ratepayer against PWC, and that as soon as Jones made his decision to sue the City, Paradis's representation of Jones ended, knowing that he had continue to provide legal services for Jones' benefit, Paradis violated his duty of candor and his duty to refrain from misleading his client, the court, and opposing counsel; and

    d. By failing to advise the City that he was continuing to assist Jones in bringing an action against the City, Paradis violated his duty to the City to communicate significant events affecting the client's matter.

129.   In light of the fact that Defendants Pansky and Pansky Markel had direct knowledge that each of the foregoing statements was false, Defendants Pansky and Pansky Markel acted with negligence in making these defamatory *per se* statements.

130.   As a result of the defamatory statements made by Defendants Pansky and Pansky Markle, Plaintiff has sustained, and is, therefore, entitled to special damages.

## COUNT XII

**(For Defamation – Actual Malice Against Defendants Annaguey, George and Browne George, LLP – For Special Damages)**

131.   Plaintiff Paradis incorporates and re-alleges all of the foregoing paragraphs as if fully set forth herein.

132.   Defendants Annaguey, George and Browne George, LLP caused Defendants Pansky and Pansky Markel to draft the Pansky Report, which was published on October 23, 2019.

133.   As detailed herein, the Pansky Report is false and contains numerous non-privileged, defamatory *per se* statements including the following statements:

    a. By concurrently providing legal representation to Jones and the City without the informed written consent of either Jones or the City, Paradis violated his ethical and fiduciary duties under CRPC3-3102 both Jones and the City;

    b. By secretly drafting or participating in the drafting of the *Jones v. the City* complaint and failing to reveal his actions to, and/or failing to obtain informed formal consent from the City, while serving as special counsel for the City, Paradis breached his ethical duties to the City and Jones to refrain from representation of conflicting interests;

    c. By repeatedly misrepresenting that once the City declined to consent to Paradis' and Kiesel's joint representation of the City and an individual ratepayer against PWC, and that as soon as Jones made his decision to sue the City, Paradis's representation of Jones ended, knowing that he had continue to provide legal services for Jones' benefit, Paradis violated his duty of candor and his duty to refrain from misleading his client, the court, and opposing counsel; and

    d. By failing to advise the City that he was continuing to assist Jones in bringing an action against the City, Paradis violated his duty to the City to communicate significant events affecting the client's matter.

134. In light of the fact that Defendants Annaguey, George and Browne George, LLP had direct knowledge that each of the foregoing statements was false, Defendants Annaguey, George and Browne George, LLP acted with actual malice in causing these defamatory *per se* statements to be made.

135. As a result of the defamatory statements, which Defendants Annaguey, George and Browne George, LLP caused to be made, Plaintiff has sustained, and is, therefore, entitled to special damages.

## COUNT XIII

### (For Defamation – Negligence Against Defendants Annaguey, George and Browne George, LLP – For Special Damages)

136. Plaintiff Paradis incorporates and re-alleges all of the foregoing paragraphs as if fully set forth herein.

137. Defendants Annaguey, George and Browne George, LLP caused Defendants Pansky and Pansky Markel to draft the Pansky Report, which was published on October 23, 2019.

138. As detailed herein, the Pansky Report is false and contains numerous non-privileged, defamatory *per se* statements including the following statements:

a. By concurrently providing legal representation to Jones and the City without the informed written consent of either Jones or the City, Paradis violated his ethical and fiduciary duties under CRPC3-3102 both Jones and the City;

b. By secretly drafting or participating in the drafting of the *Jones v. the City* complaint and failing to reveal his actions to, and/or failing to obtain informed formal consent from the City, while serving as special counsel for the City, Paradis breached his ethical duties to the City and Jones to refrain from representation of conflicting interests;

c. By repeatedly misrepresenting that once the City declined to consent to Paradis' and Kiesel's joint representation of the City and an individual

ratepayer against PWC, and that as soon as Jones made his decision to sue the City, Paradis's representation of Jones ended, knowing that he had continue to provide legal services for Jones' benefit, Paradis violated his duty of candor and his duty to refrain from misleading his client, the court, and opposing counsel; and

d. By failing to advise the City that he was continuing to assist Jones in bringing an action against the City, Paradis violated his duty to the City to communicate significant events affecting the client's matter.

139. In light of the fact that Defendants Annaguey, George and Browne George, LLP had direct knowledge that each of the foregoing statements was false, Defendants Annaguey, George and Browne George, LLP acted with negligence in causing these defamatory *per se* statements to be made.

140. As a result of the defamatory statements, which Defendants Annaguey, George and Browne George, LLP caused to be made, Plaintiff has sustained, and is, therefore, entitled to special damages.

## COUNT XIV

### (For Defamation – Actual Malice Against Defendants DOES 1 - 100 – For Special Damages)

141. Plaintiff Paradis incorporates and re-alleges all of the foregoing paragraphs as if fully set forth herein.

142. Defendants Pansky and Pansky Markel drafted the Pansky Report, which was published on October 23, 2019.

143. As detailed herein, the Pansky Report is false and contains numerous non-privileged, defamatory *per se* statements including the following statements:

a. By concurrently providing legal representation to Jones and the City without the informed written consent of either Jones or the City, Paradis violated his ethical and fiduciary duties under CRPC3-3102 both Jones and the City;

29                                                        COMPLAINT

b. By secretly drafting or participating in the drafting of the *Jones v. the City* complaint and failing to reveal his actions to, and/or failing to obtain informed formal consent from the City, while serving as special counsel for the City, Paradis breached his ethical duties to the City and Jones to refrain from representation of conflicting interests;

c. By repeatedly misrepresenting that once the City declined to consent to Paradis' and Kiesel's joint representation of the City and an individual ratepayer against PWC, and that as soon as Jones made his decision to sue the City, Paradis's representation of Jones ended, knowing that he had continue to provide legal services for Jones' benefit, Paradis violated his duty of candor and his duty to refrain from misleading his client, the court, and opposing counsel; and

d. By failing to advise the City that he was continuing to assist Jones in bringing an action against the City, Paradis violated his duty to the City to communicate significant events affecting the client's matter.

144.   In light of the fact that Defendants DOES 1-100 had direct knowledge that each of the foregoing statements was false, Defendants DOES 1-100 acted with actual malice in making these defamatory per se statements.

145.   As a result of the defamatory statements made by Defendants DOES 1-100, Plaintiff has sustained, and is, therefore, entitled to special damages.

## COUNT XV

**(For Defamation – Negligence Against Defendants DOES 1 - 100 – For Special Damages)**

146.   Plaintiff Paradis incorporates and re-alleges all of the foregoing paragraphs as if fully set forth herein.

147.   Defendants Pansky and Pansky Markel drafted the Pansky Report, which was published on October 23, 2019.

148.   As detailed herein, the Pansky Report is false and contains numerous

non-privileged, defamatory *per se* statements including the following statements:

    a. By concurrently providing legal representation to Jones and the City without the informed written consent of either Jones or the City, Paradis violated his ethical and fiduciary duties under CRPC3-3102 both Jones and the City;

    b. By secretly drafting or participating in the drafting of the *Jones v. the City* complaint and failing to reveal his actions to, and/or failing to obtain informed formal consent from the City, while serving as special counsel for the City, Paradis breached his ethical duties to the City and Jones to refrain from representation of conflicting interests;

    c. By repeatedly misrepresenting that once the City declined to consent to Paradis' and Kiesel's joint representation of the City and an individual ratepayer against PWC, and that as soon as Jones made his decision to sue the City, Paradis's representation of Jones ended, knowing that he had continue to provide legal services for Jones' benefit, Paradis violated his duty of candor and his duty to refrain from misleading his client, the court, and opposing counsel; and

    d. By failing to advise the City that he was continuing to assist Jones in bringing an action against the City, Paradis violated his duty to the City to communicate significant events affecting the client's matter.

149. In light of the fact that Defendants DOES 1-100 had direct knowledge that each of the foregoing statements was false, Defendants DOES 1-100 acted with negligence in making these defamatory *per se* statements.

150. As a result of the defamatory statements made by Defendants DOES 1-100, Plaintiff has sustained, and is, therefore, entitled to general damages.

## COUNT XVI

**(For Defamation – Actual Malice Against Defendants Pansky and Pansky Markel – For Punitive Damages)**

151. Plaintiff Paradis incorporates and re-alleges all of the foregoing paragraphs as if fully set forth herein.

152. Defendants Pansky and Pansky Markel drafted the Pansky Report, which was published on October 23, 2019.

153. As detailed herein, the Pansky Report is false and contains numerous non-privileged, defamatory *per se* statements including the following statements:

a. By concurrently providing legal representation to Jones and the City without the informed written consent of either Jones or the City, Paradis violated his ethical and fiduciary duties under CRPC3-3102 both Jones and the City;

b. By secretly drafting or participating in the drafting of the *Jones v. the City* complaint and failing to reveal his actions to, and/or failing to obtain informed formal consent from the City, while serving as special counsel for the City, Paradis breached his ethical duties to the City and Jones to refrain from representation of conflicting interests;

c. By repeatedly misrepresenting that once the City declined to consent to Paradis' and Kiesel's joint representation of the City and an individual ratepayer against PWC, and that as soon as Jones made his decision to sue the City, Paradis's representation of Jones ended, knowing that he had continue to provide legal services for Jones' benefit, Paradis violated his duty of candor and his duty to refrain from misleading his client, the court, and opposing counsel; and

d. By failing to advise the City that he was continuing to assist Jones in bringing an action against the City, Paradis violated his duty to the City to communicate significant events affecting the client's matter.

154. In light of the fact that Defendants Pansky and Pansky Markel had

1   direct knowledge that each of the foregoing statements was false, Defendants Pansky
2   and Pansky Markel acted with actual malice in making these defamatory per se
3   statements.

4       155.   As a result of the defamatory statements made by Defendants Pansky
5   and Pansky Markle, Plaintiff has sustained, and is therefor entitled to punitive
6   damages.

## COUNT XVII

**(For Defamation – Actual Malice Against Defendants Annaguey, George and Browne George, LLP – For Punitive Damages)**

10      156.   Plaintiff Paradis incorporates and re-alleges all of the foregoing
11   paragraphs as if fully set forth herein.

12      157.   Defendants Annaguey, George and Browne George, LLP caused
13   Defendants Pansky and Pansky Markel to draft the Pansky Report, which was
14   published on October 23, 2019.

15      158.   As detailed herein, the Pansky Report is false and contains numerous
16   non-privileged, defamatory *per se* statements including the following statements:

17          a. By concurrently providing legal representation to Jones and the City
18             without the informed written consent of either Jones or the City, Paradis
19             violated his ethical and fiduciary duties under CRPC3-3102 both Jones
20             and the City;

21          b. By secretly drafting or participating in the drafting of the *Jones v. the City*
22             complaint and failing to reveal his actions to, and/or failing to obtain
23             informed formal consent from the City, while serving as special counsel
24             for the City, Paradis breached his ethical duties to the City and Jones to
25             refrain from representation of conflicting interests;

26          c. By repeatedly misrepresenting that once the City declined to consent to
27             Paradis' and Kiesel's joint representation of the City and an individual
28             ratepayer against PWC, and that as soon as Jones made his decision to sue

1  the City, Paradis's representation of Jones ended, knowing that he had
2  continue to provide legal services for Jones' benefit, Paradis violated his
3  duty of candor and his duty to refrain from misleading his client, the court,
4  and opposing counsel; and

5  d. By failing to advise the City that he was continuing to assist Jones in
6  bringing an action against the City, Paradis violated his duty to the City to
7  communicate significant events affecting the client's matter.

8  159.  In light of the fact that Defendants Annaguey, George and Browne
9  George, LLP had direct knowledge that each of the foregoing statements was false,
10  Defendants Annaguey, George and Browne George, LLP acted with actual malice in
11  causing these defamatory *per se* statements to be made.

12  160.  As a result of the defamatory statements, which Defendants Annaguey,
13  George and Browne George, LLP caused to be made, Plaintiff has sustained, and is,
14  therefore, entitled to punitive damages.

## COUNT XVIII

### (For Defamation – Actual Malice Against Defendants DOES 1 - 100 – For Punitive Damages)

18  161.  Plaintiff Paradis incorporates and re-alleges all of the foregoing
19  paragraphs as if fully set forth herein.

20  162.  Defendants Pansky and Pansky Markel drafted the Pansky Report,
21  which was published on October 23, 2019.

22  163.  As detailed herein, the Pansky Report is false and contains numerous
23  non-privileged, defamatory *per se* statements including the following statements:

24  a. By concurrently providing legal representation to Jones and the City
25  without the informed written consent of either Jones or the City, Paradis
26  violated his ethical and fiduciary duties under CRPC3-3102 both Jones
27  and the City;

28  b. By secretly drafting or participating in the drafting of the *Jones v. the City*

34                                                                     COMPLAINT

complaint and failing to reveal his actions to, and/or failing to obtain informed formal consent from the City, while serving as special counsel for the City, Paradis breached his ethical duties to the City and Jones to refrain from representation of conflicting interests;

c. By repeatedly misrepresenting that once the City declined to consent to Paradis' and Kiesel's joint representation of the City and an individual ratepayer against PWC, and that as soon as Jones made his decision to sue the City, Paradis's representation of Jones ended, knowing that he had continue to provide legal services for Jones' benefit, Paradis violated his duty of candor and his duty to refrain from misleading his client, the court, and opposing counsel; and

d. By failing to advise the City that he was continuing to assist Jones in bringing an action against the City, Paradis violated his duty to the City to communicate significant events affecting the client's matter.

164.   In light of the fact that Defendants DOES 1-100 had direct knowledge that each of the foregoing statements was false, Defendants DOES 1-100 acted with actual malice in making these defamatory *per se* statements.

165.   As a result of the defamatory statements made by Defendants DOES 1-100, Plaintiff has sustained, and is, therefore, entitled to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Court:

a. Order Defendants to pay Plaintiff actual, special, and punitive damages in an amount to be determined at trial; and

b. Grant such other relief as may be just and proper.

COMPLAINT

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

Dated:  October 21, 2020

Paul O. Paradis

By: _____

Paul O. Paradis
*Pro Se* Plaintiff

36

COMPLAINT